UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA WAREKA p/k/a TAMARA
WILLIAMS,

     Plaintiff,

v.

ELLE & EVIE LLC and MEGHAN
MARIE WYSCAVER,

     Defendants.

Case No. 25-10699
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT [21]**

---

This is a copyright infringement action in which the plaintiff, a professional photographer, alleges that the defendant beauty company, Elle & Evie LLC, and its principal owner, Meghan Marie Wyscaver, used one of her beauty photographs on the company's social media pages without authorization. (ECF No. 10.) The Court granted Wyscaver's motion for an extension of time to file an answer to the complaint back in August 2025, making her response due by September 22, 2025. (ECF Nos. 14, 15.) But Wyscaver never filed an answer and neither did her company. So Plaintiff sought and obtained a clerk's entry of default. (ECF Nos. 16, 17.) Defendants made no effort to set it aside. Plaintiff then sought and obtained an entry of default judgment which was entered on January 8, 2026. (ECF Nos. 18, 19.)

Now—more than four months after the extended deadline to answer—Wyscaver has finally responded and asks the Court to set aside the default judgment.

(ECF No. 21.) But her response is too late and she has not shown good cause to set aside the default judgment, so her motion is denied.

## I.

"Once a default judgment is entered, it may be set aside only in accordance with the requirements of Federal Rule of Civil Procedure 60(b)." *Copeland v. Lampkin*, No. 24-1995, 2025 U.S. App. LEXIS 12726, at *3–4 (6th Cir. May 23, 2025) (citing cases). "Thus," explains the Sixth Circuit, "to set aside a default judgment, a court must (1) consider the equitable factors of whether the defendant's culpable conduct led to the judgment, whether the defendant has a meritorious defense, and whether the plaintiff will be prejudiced, and (2) find that one of Rule 60(b)'s specific requirements is met." *Id.* These Rule 60(b) grounds include: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment is satisfied, released, or discharged; (6) any other relief justifying relief from judgment. Fed. R. Civ. P. 60(b)(1)–(6).

While "[p]ro se plaintiffs" like Wyscaver "enjoy the benefit of a liberal construction of their pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), "ignorance of the law, despite a litigant's *pro se* status, is no excuse for failure to follow established legal requirements," *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002).

## II.

Wyscaver invokes Rule 60(b) but does not specify which provisions apply. Liberally construing her motion, grounds one and six are most applicable here.[1] The Court will address each in turn.

"When relief is sought under Rule 60(b)(1), the culpability factor is framed in terms of 'mistake, inadvertence, surprise, or excusable neglect.'" *Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). The Sixth Circuit has further explained that the "culpable conduct" factor is the most critical consideration in a motion to set aside a default judgment under Rule 60(b)(1). *Id.* ("[Rule 60(b)(1)] mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect.") In fact, if culpable conduct of the defendant led to the default, that factor is dispositive, and the Court need not address the other two *United Coin* factors. *Id.* ("It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.")

Wyscaver argues her failure to respond was a result of excusable neglect claiming that a recent divorce and shared custody agreement caused "substantial

---

[1] Wyscaver makes no reference to newly discovered evidence under 60(b)(2), fraud or misconduct under 60(b)(3), the judgment being void under 60(b)(4), or the judgment being discharged, vacated, or inequitable under 60(b)(5), so the Court will not address those provisions.

personal disruption" to her life. (ECF No. 21, PageID.235.) She also explains that her company, Elle & Evie LLC, could not afford to retain legal counsel and has since dissolved. (*Id.*) Without legal counsel, she says she "did not fully understand the procedural requirements of federal court" and did not understand that a failure to respond would result "in a judgment being entered without an opportunity to be heard." (*Id.*)

The Court understands that Wyscaver faced personal hardship. But her personal circumstances did not prevent her from being fully aware of the case (*see e.g.*, ECF No. 18, PageID.186; *id.* at PageID.191), and the consequences of ignoring it. For one, she filed a motion for an extension of time to respond to the complaint given her family issues and in order "to gather evidence and find representation." (ECF No. 14.) She received that extension. (ECF No. 15.) Plus, Wyscaver was contacted several times by Plaintiff's counsel prior to the filing of the motion for default judgment and advised as to the effect of such a judgment. (ECF No. 22, PageID.246–247.) Still no action was taken. So Wyscaver had ample opportunities to answer the complaint, obtain legal advice, move to set aside the default, or otherwise defend the case in the six months since she was served. And in also considering the time and money expended by Plaintiff in attempting to litigate and resolve the case, the Court finds that Wyscaver has not established that the default was due to mistake, inadvertence, or excusable neglect. And that factor is dispositive under Rule 60(b)(1).

That leaves the catch-all provision. Under Rule 60(b)(6), relief from a judgment may be granted for "any other reason that justifies relief." But the Sixth Circuit has "repeatedly emphasized that Rule 60(b)(6) applies only in exceptional and extraordinary circumstances." *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002). Personal hardship and financial strain are common challenges faced by litigants, especially those proceeding pro se, and do not rise to the level of exceptional circumstances that warrant this extraordinary relief. So the Court need not address any further arguments under Rule 60(b)(6). *See White v. Estate of Johnson*, No. 18-11082, 2018 U.S. Dist. LEXIS 199110, at *5–6 (E.D. Mich. Nov. 26, 2018) (declining to analyze the *United Coin* factors under Rule 60(b)(6) where the defendant "made no showing of any exceptional circumstances.")

In short, Wyscaver has not demonstrated that she is entitled to relief under any provision in Federal Rule of Civil Procedure 60(b). So the Court need not address the balance of the *United Coin* factors. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983).

## III.

For the reasons stated above, Wyscaver's motion to set aside default judgment (ECF No. 21) is DENIED.

SO ORDERED.

Dated: February 20, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE